IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | |
|---|---|
| KARANDAL ADAM BENFORD,  §<br>     Petitioner,  §<br>  §<br>V.  §<br>  §<br>DOUG DRETKE, Director, Texas Dept. of  §<br>Criminal Justice-Correctional  §<br>Institutions Division,  §<br>     Respondent.  § | A-05-CA-1006-LY |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

To:    The Honorable Lee Yeakel, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1); Respondent's Answer (Document 10); and Petitioner's response thereto (Document 13). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

## STATEMENT OF THE CASE

### A.     Petitioner's Criminal History

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 331st Judicial District Court of Travis County, Texas, in cause number 9024186, styled The State of Texas v. Karandal Benford. On September 27, 2002, Petitioner was convicted by jury on a plea of not guilty of the offense of aggregated theft over $100,000 but less than $200,000. He was subsequently sentenced to 45 years in prison.

Petitioner appealed his conviction to the Third Court of Appeals in cause number 03-02-00686. On February 3, 2005, the Third Court of Appeals affirmed the judgment of the trial court. Benford v. State, No. 03-02-00686, 2005 WL 240611 (Tex. App. – Austin Feb. 2, 2005, pet. ref'd). Petitioner filed a petition for discretionary review with the Texas Court of Criminal Appeals on February 18, 2005. The petition was refused on June 15, 2005.

Petitioner also challenged his conviction in a state application for habeas corpus relief. The application was denied without written order on September 14, 2005. Ex parte Benford, Appl. No. 62,829-01 at cover.

### B.     Factual Background

The factual background of this case is found in the Court of Appeals opinion and is repeated below.

> Between February 1999 and January 2001, there was a string of similar thefts from businesses around Austin. The thief would break a window for access and steal computer equipment, usually laptop computers. In December 2000, a security guard on his rounds at Tivoli Systems encountered an intruder. The intruder fled, leaving behind a broken window, laptop computers stacked by the window, and a backpack. In the backpack, the police found a receipt with appellant's name on it. The police questioned appellant and took a blood sample to compare to blood found at another

burglary, left when the thief apparently cut himself on broken glass during the break-in. Appellant's blood matched the blood found at the crime scene, with a probability of the same profile appearing in the Caucasian population of 1 in 8.77 trillion, 1 in 7.46 trillion for African-Americans, and 1 in 4.52 trillion for Hispanics; appellant is African-American. In appellant's truck, the police found glass fragments, a spiral notebook containing a list of companies that had been robbed, and a spring-loaded "center punch," a device used to crack glass panes.

Detective Paul Brick testified that in November 2000 he obtained a search warrant for a company called Startech after receiving information that Startech was selling counterfeit computer software. During the search, the police seized a number of laptop computers from which serial numbers had been removed, and found that several of the computers matched those stolen during the string of thefts. In February 2001, three months after the search warrant was executed, Startech's owners, brothers James and Nelson Wang, identified appellant from a photographic lineup, stating that appellant was the person they knew as Adam Davis and from whom they bought the stolen computers.

David Yanes, who was under indictment for burglaries of SBC Technologies and Cisco Systems, testified that he was friends with appellant, who went by "Adam," and helped appellant with the thefts in exchange for payments, usually about $500. Yanes testified that he and appellant were almost caught at Tivoli in December 2000 and that in their haste to flee, they left a backpack behind. Yanes was shown photographs from surveillance cameras at SBC and Cisco on the nights they were robbed. Yanes testified that both sets of photos were of him and appellant during thefts. Yanes also testified that appellant told him that someone at Startech told appellant which companies would be monitored and which ones were safe.

Benford v. State, No. 03-02-00686, 2005 WL 240611 at *1-2 (Tex. App. – Austin Feb. 2, 2005, pet. ref'd).

**C.     Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. Petitioner's conviction is the product of an unlawful arrest;

2. Petitioner's conviction is the product of an unconstitutional search and seizure;

3. The police manufactured or tampered with the evidence against him; and

4. The evidence presented against him is insufficient to support his conviction.

**D.     Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

**A.     The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)).    The inquiry into whether the decision was based on an "unreasonable

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

**B.    Unlawful Arrest and Seizure**

In his first ground for relief, Petitioner argues that he was the victim of an illegal search and seizure and unlawful arrest. Specifically, Petitioner argues (1) the photographs introduced at trial (still shots taken from the SBC surveillance tape) were doctored to show his presence at the scene of crim; (2) a blood sample was unlawfully taken from him and then tampered with; and (3) he was not arrested pursuant to a lawful warrant.

To the extent Petitioner argues he was unlawfully arrested and that the blood and other property introduced as evidence against him was the fruit of an unconstitutional search and seizure, his claim fails. Where the state has provided an opportunity for full and fair litigation of a Fourth

Case 1:05-cv-01006-LY   Document 14   Filed 05/12/06   Page 6 of 8

Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052 (1976). In this case, Petitioner clearly had a full and fair opportunity to litigate his Fourth Amendment claims in state court, but failed to take advantage of that opportunity. Janecka v. Cockrell, 301 F.3d 316, 320-21 (5th Cir. 2002). Accordingly, Petitioner is not entitled to habeas corpus relief.

To the extent Petitioner argues evidence at trial had been tampered with, the claims also fail. Petitioner has not provided the Court with any evidence to support his claims that the photographs had been doctored or that his blood had been tampered with or planted at the scene of a crime. Plaintiff's claim is nothing more than mere conjecture. A federal court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported by the record, to be of probative value. See Ross v. Estelle, 694 F.2d 1008, 1011-12 (5th Cir. 1983).

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's determination of facts in light of the evidence. Accordingly, Petitioner's claims do not warrant federal habeas relief.

**C.     Sufficiency of the Evidence**

Petitioner also alleges the evidence against him was insufficient to sustain his conviction. Petitioner presented this same claim in his state application for habeas corpus relief. Although the Court of Criminal Appeals stated no reasons when it denied habeas relief, that court has long held that the sufficiency of the evidence may only be raised on direct appeal and may not be raised in a state habeas proceeding. West v. Johnson, 92 F.3d 1385, 1389 n. 18 (5th Cir.1996), cert. denied, 520 U.S.
6

1242, 117 S. Ct. 1847 (1997); Ex parte McLain, 869 S.W.2d 349, 350 (Tex. Crim. App. 1994). Indeed, the Court of Criminal Appeals recently reaffirmed that where a state habeas applicant challenges the sufficiency of the evidence in a state habeas application and the court subsequently disposes of the application by entering a denial without written order, the applicant's sufficiency claim was denied because it was not cognizable. Ex parte Grigsby, 137 S.W.3d 673, 674 (Tex. Crim. App. 2004). Thus, this procedural default in the state courts procedurally bars this Court from addressing the merits of Petitioner's sufficiency claim. Ylst v. Nunnemaker, 501 U.S. 797, 801-07, 111 S. Ct. 2590 (1991).

## RECOMMENDATION

It is recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

The Clerk is directed to send a copy of this Report and Recommendation to the parties by certified mail, return receipt requested.

SIGNED this 13th day of May, 2006.

                                                    ANDREW W. AUSTIN
                                                    UNITED STATES MAGISTRATE JUDGE